**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| COUREY ARNOLD, a.k.a.         ) <br> Corey Deon Arnold, ID # 1268612,  ) <br>      Petitioner,                          ) <br> vs.                                         ) <br>                                           ) <br> NATHANIEL QUARTERMAN, Director, ) <br> Texas Department of Criminal         ) <br> Justice, Correctional Institutions Division, ) <br>      Respondent.                       ) | No. 3:09-CV-1052-M-BH <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County capital murder conviction in Cause No. F03-35767-NW. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

After petitioner received a life sentence for capital murder, the court of appeals affirmed his conviction on January 9, 2006. (Pet. Writ of Habeas Corpus (Pet.) at 2-3.) The Court of Criminal Appeals refused his petition for discretionary review (PDR) on May 3, 2006. (*Id.* at 3.) Although petitioner contends that he filed a motion for reconsideration with the Court of Criminal Appeals, (*see id.*), the official website for that court does not show that a motion was filed, *see* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Arnold%2C+Corey&Style_2=&COACaseNumberNo= (accessed June 24, 2009). The website, however, does show the filing of two state applications for writ of habeas

corpus (WR-66,418-01 and WR-66,418-02) that were respectively denied on December 20, 2006, and January 17, 2007. *See id.* (following links to ultimate disposition).

Petitioner filed a federal petition for writ of habeas corpus on May 29, 2009. (Pet. at 9.) He claims that his trial attorney rendered ineffective assistance by failing to (1) request a continuance so that he could prepare for a surprise witness; (2) request a competency hearing for that witness; (3) request a jury instruction on the lesser-included offense of murder; (4) request an "Allen charge"; (5) investigate and interview alibi witnesses; and (6) object to improper prosecutorial statements made during closing statements. He further claims that his due process rights were violated because (1) the State did not prove every element necessary to secure his conviction; (2) the prosecutor made inappropriate characterizations during closing statements; and (3) the evidence was factually and legally insufficient to support his conviction. He asserts that his appellate attorney was ineffective for failing to raise some of these claims on appeal.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to his case.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-

vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Here, petitioner appealed his conviction; the Texas Court of Criminal Appeals refused his petition for discretionary review on May 3, 2006, and he filed no petition for writ of certiorari. Where a petitioner does not file a certiorari petition after his PDR has been refused, the state conviction becomes final for purposes of § 2244(d) upon the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); Sup. Ct. R. 13. Consequently, petitioner's conviction in this case became final on August 1, 2006.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in this action became known or could have become known through the exercise of due diligence prior to the date petitioner's conviction became final. Each of the claims are based upon facts

that petitioner would have known well before the Court of Criminal Appeals refused his petition for discretionary review.

Because petitioner filed his May 29, 2009 petition more than one year after his conviction became final on August 1, 2006, a literal application of § 2244(d)(1) renders the filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Although petitioner does not say when he filed his state applications for writ of habeas corpus, they were both denied by January 17, 2007. Assuming without deciding that petitioner is entitled to statutory tolling through that date, the limitations period resumed on January 18, 2007, and expired a year later. The statutory tolling provision does not save this federal petition.

In addition, nothing in petitioner's federal petition indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). To warrant such tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). He has made no

such showing.

Because neither statutory nor equitable tolling save petitioner's May 29, 2009 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

### IV.  EVIDENTIARY HEARING

Based upon the information before the Court, this action is untimely and an evidentiary hearing appears unnecessary.

### V.  RECOMMENDATION

The Court should find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 24th day of June, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE